**Earl JACKSON et al., Appellants,**

v.

**James F. CONWAY et al., Appellees.**

**No. 79–1779.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1980.

Decided May 8, 1980.

William P. Russell, St. Louis, Mo., for appellants; Joseph S. McDuffie, St. Louis, Mo., on brief.

James J. Wilson, Asst. City Counselor, and Anne Travis Shapleigh, Asst. U. S. Atty., St. Louis, Mo., for appellees; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief.

Jack L. Koehr, City Counselor, and Thomas J. Ray, Asst. City Counselor, St. Louis, Mo., on brief, for appellees, Conway, et al.

Peter H. Ruger, Gen. Counsel, Washington University, St. Louis, Mo., on brief, for appellee, Washington University.

David R. Spitznagel, Gen. Counsel, Clayton, Mo., on brief, for appellee, Institute of Medical Ed. and Research.

Before BRIGHT, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

This class action was initiated on August 8, 1979, by several black, and older persons, living on the north side of the city of St. Louis, and others, for declaratory and injunctive relief against the Mayor, the Commissioner of Health, and other officers of the city of St. Louis; the Secretary of Health, Education and Welfare (HEW); St. Louis and Washington Universities, and other defendants. The purpose of the suit was to enjoin the closing of Homer G. Phillips Hospital (Phillips) in a predominantly black section of St. Louis, and to prevent the moving of equipment from that facility to the other city hospital in South St. Louis. Plaintiffs also asked that the court [1] enjoin the Secretary of HEW from granting additional federal financial assistance to the hospitals of the city of St. Louis because of the alleged racial discrimination resulting from the closing of Phillips and for other related relief.

On August 17, 1979, an amended complaint was filed, including a request for a preliminary injunction.[2] Hearings were held August 27 to 30, 1979, and on September 5, 1979, the district court denied the motion for preliminary injunction against all defendants and stayed further proceedings pending the administrative determination of the merits of plaintiffs' complaint by HEW. Plaintiffs then brought this appeal. We affirm the judgment of the trial court in large measure upon portions of the factual determinations and legal reasoning of the trial court as hereinafter set forth.

Although the district judge expressed some reservations as to whether plaintiffs had standing to maintain their claims, he determined that "given the nature of the right asserted and the necessity of proceeding on the merits to determine the nature and extent of the injury alleged, plaintiffs have alleged sufficient injury to satisfy the concept of standing."

As to the interim relief requested against HEW, the trial court noted that an investigation was pending and urged the Secretary to proceed with all deliberate speed in checking the allegations in accordance with applicable regulations. Under these circumstances, the trial court was clearly correct in denying any injunctive relief against the Secretary. We assume the investigation is proceeding without undue delay and that the findings of HEW will be available to the trial court in making its final determination on the merits of the case.

As to the request for temporary relief against the city defendants, the trial court noted that emergency services were still available at Phillips; that the consolidation of the two hospitals, including the transfer of patients, was substantially completed at the time of the hearing, and that no request had been made earlier for a temporary restraining order. The district judge went on to hold that the plaintiffs had not made a showing of probable success on the merits

---

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. Jurisdiction was claimed under 28 U.S.C. §§ 1331, 1343, 1361, and under 5 U.S.C. §§ 702, 703. Declaratory relief was sought under 28 U.S.C. §§ 2201, 2202. The suit was brought, according to the amended complaint, to enforce the

obligation of defendants under Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d (hereinafter Title VI); Title VI of the Public Health Services Act, 42 U.S.C. Sec. 291

(hereinafter Hill-Burton); Sec. 314 of the Public Health Services Act, 42 U.S.C. Sec. 246 (hereinafter Sec. 314); Sec. 504 of the Rehabilitation Act as amended in 1978, 29 U.S.C. Sec. 794 (hereinafter Sec. 504); Sec. 1122 of the Social Security Act, as amended in 1972, 42 U.S.C. Sec. 1320a–1 (hereinafter Sec. 1122); and to redress the deprivation of plaintiffs' rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983.

or irreparable injury and denied the motion for what he referred to as a "mandatory injunction" reasoning that if the relief requested was granted, it would involve restaffing, equipping and reopening Phillips.

In determining that plaintiffs have not thus far made a clear showing of probable success on the merits, the trial judge made the following findings:

At most plaintiffs have shown that the distance or proximity of obtaining acute in-patient and weekend emergency room services and certain out-patient services has been increased for a substantial but uncertain percentage of northside St. Louis area residents.

The court further found that:

In the opinion of this Court there is no evidence that any plaintiff has suffered such an impediment through the proximity of acute in-patient health care, weekend emergency room services, and certain out-patient care at consolidated City Hospital No. 1, that it was in effect a denial of such care. With respect to the above question, the Court accepts the plaintiffs' testimony that certain isolated incidents occurred during the turbulent consolidation period which delayed needed treatment. * * * Furthermore, this Court finds no reason to believe such incidents will occur in the future considering the attendant circumstances. Plaintiffs have not shown nor alleged that they have been refused or denied treatment at City Hospital No. 1. The testimony regarding available transportation is disputed. The lineal distance from Phillips to City Hospital No. 1 is just over three and one-quarter (3¼) miles. Phillips is in a rather inaccessible location, however, with respect to traffic flow. City furnished ambulances can make the trip in approximately nine (9) minutes given good driving conditions. Many plaintiffs rely on public transportation for access to the hospitals, however, and there is no direct route on the bus system from Phillips to City Hospital No. 1. The testimony indicates that such a trip can take from forty to sixty (40–60) minutes.

Additionally, the court held:

Credible testimony introduced at the hearing indicates that over-all acute in-patient care has been improved through consolidation and consolidation has definitely been beneficial to the delivery of improved health care in the City of St. Louis. Both hospitals have historically had low percentages of actual bed usage. City Hospital No. 1 was originally built in 1846 and rebuilt at the turn of the Century with subsequent additions and remodelings as late as 1975. City Hospital No. 1 is located at 14th and Lafayette Streets just south of downtown St. Louis with an in-patient capacity of five hundred and fifty (550) beds. Phillips was completed in 1937 and is located at Whittier and Kennerly in North St. Louis. It has an in-patient capacity of four hundred and sixty six (466) beds. As a result of various surveys and studies it was concluded on various bases, e. g., age of the buildings, support services, access, etc., that consolidation should occur at City Hospital No. 1. Mayor James Conway, on the basis of experts' conclusions, ordered consolidation on July 30, 1979, and consolidation was completed with the transfer of the last few patients on August 17, 1979. Furthermore, it was shown at trial that City Hospital No. 1 has better support facilities, ambulance service between City Hospital No. 1 and Phillips including four full life support vehicles, far better highway access and better university medical school support than Phillips. All three factors and another, the current financial situation facing the divisions of hospitals of the City of St. Louis and the seven million dollar ($7,000,000) per year savings projected to be realized through consolidation (this was not, however, the principal factor in deciding to consolidate the hospitals) are relevant in determining probable success on the merits or sufficiently serious questions going to the merits, because of similar defenses afforded Title VII and Equal Protection defendants facing allegations of disparate

impact set forth to make a prima facie cause of action.

Based on our review of the record at this stage of the proceedings, including the evidence adduced at the August 27–30, 1979 hearings, we are convinced that these factual determinations of the trial court were not clearly erroneous and that the temporary injunctive relief was properly denied. After the investigation by HEW has been completed the trial court will be in a better position to judge the entire case on its merits.

The judgment of the trial court is affirmed.