788 F.2d 1296
 5 Fed.R.Serv.3d 720
 Earl JACKSON; Elvie Ronsome Kathryn Leonard; The Rev.
Harold Davis; Helen Floyd; Mattie Bowman; Betty Floyd;
Margaret Sanders; Ad Hoc Committee to Save Homer G.
Phillips Hospital; Ethel McCollough; Robert Grant; The
Rev. F. Brown; Eleanor Grant; Addie Richardson; and A.J.
Williams, Appellants,
v.
Vincent SCHOEMEHL, Mayor, City of St. Louis; Dr. Helen
Bruce, Comm. of Health; Thomas Sehr, Director of Health &
Hospitals; Dr. John Noble, Admn. City Hospital; Board of
Estimate & Apportionment; Thomas Zych, President, Board of
Aldermen; Paul Berra, Comptroller; and Director of Health,
Education & Welfare, Appellees.
 No. 85-1859.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 2, 1985.
Decided April 2, 1986.
 
 William P. Russell, St. Louis, Mo., for appellants.
 Edward J. Hanlon, St. Louis, Mo., for appellees.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Plaintiffs, who are 14 black and older residents of St. Louis, filed this action on August 8, 1979, against city and federal officials and health care providers, to prevent both the closing of Homer G. Phillips Hospital (Phillips), located in a predominantly black area of the city, and the removal of equipment from Phillips to another city hospital.[1] After this Court affirmed the District Court's denial of a preliminary injunction, Jackson v. Conway, 620 F.2d 680 (8th Cir.1980), the case slowly made its way to trial on February 7 and 8, 1983. After trial, plaintiff failed to file proposed findings of fact and conclusions of law; two years later, on April 4, 1985, the District Court dismissed the lawsuit for failure to prosecute. In response, plaintiffs filed a motion under Fed.R.Civ.P. 60(b) on April 15, asking the court to reconsider its decision on the ground that plaintiffs had never received the trial transcript. The motion was denied on June 17, 1985, and notice of appeal was filed July 16.
 
 
 2
 Because of the three-month time lapse between the dismissal for failure to prosecute and the filing of this appeal, defendants argue that this Court has jurisdiction to consider only the District Court's rejection of the Rule 60(b) motion and not its underlying decision to dismiss. We conclude, however, that the April 15 motion may properly be characterized as one under Rule 59(e), therefore tolling the 30-day period in which appeals must be brought. Turning then to the merits of plaintiffs' motion, we hold that dismissal for failure to prosecute was too severe a sanction, and we therefore reverse.
 
 I.
 
 3
 Following our decision in Jackson v. Conway, the District Court on August 21, 1981, set this case for trial on November 9 of that year. Ten days later, plaintiffs requested and were later granted an extension of the trial date until January 11, 1982; on that date, the case was reset for April 19. However, on April 19, the parties were given until June 1, 1982, to file a stipulation of facts; on July 23, plaintiffs were given an extension until July 30. In December 1982, the trial was reset for February 7, 1983. The trial began as scheduled and concluded the next day. At the end of trial, plaintiffs were given until 30 days after the decision in the St. Louis school case to file their brief and proposed findings of fact and conclusions of law. The settlement in Liddell v. Board of Education of the City of St. Louis, 567 F.Supp. 1037 (E.D.Mo.1983), was approved on July 5, 1983. However, plaintiffs never made the ordered filings. A little more than two years later, on April 4, 1985, the District Court in a one-sentence order sua sponte dismissed the lawsuit for failure to prosecute.
 
 
 4
 In response, plaintiffs filed a motion under Rule 60(b), asking the court to set aside its decision to dismiss on the grounds of excusable neglect.[2] In support of this motion, plaintiffs said they had relied on the reporter to inform them when the transcript was ready and had been delayed by the failure of the court reporter to complete the transcript of the trial. On June 17, the District Court denied plaintiffs' motion to set aside the dismissal.
 
 II.
 
 5
 We must first decide the scope of the question before us. Under Fed.R.App.P. 4(a), notice of appeal to this Court must be filed within 30 days of the entry of judgment in the District Court. Filing of a Rule 60(b) motion does not toll that time period; when a party makes an appeal that is timely from a Rule 60(b) decision but untimely from the judgment itself, this Court has the authority only to review the 60(b) motion and not the underlying issue. Jensen v. Klecker, 702 F.2d 131 (8th Cir.1983).
 
 
 6
 However, we need not examine the correctness of the Rule 60(b) decision because we believe that the motion filed by plaintiff on April 15, 1985, may be characterized as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e),[3] which, if timely served, tolls the 30-day period for filing a notice of appeal. While motions under both rules ask a court to reconsider its decision, Rule 59 is designed to handle problems with or mistakes in a judgment as soon as the judgment is filed; the short, 10-day period in which such a motion can be brought and the tolling process encourage the goals of both correctness and finality. Conerly v. Flower, 410 F.2d 941, 943-44 (8th Cir.1969). Rule 60(b)(1), on the other hand, permits a party to question a judgment on the basis of excusable neglect, the ground asserted in this case, for up to a year after its entry; however, since the appeals period continues to run under Rule 60, the principle of finality is not subverted by the lengthy time in which a challenge may be brought.
 
 
 7
 Because of the functional similarity between the rules, courts have treated untimely Rule 59 motions as filed under Rule 60, Snowden v. D.C. Transit System, Inc., 454 F.2d 1047, 1048 n. 4 (D.C.Cir.1971), and Rule 60(b) motions filed within ten days of judgment as under Rule 59, Theodoropoulos v. Thompson-Starrett Co., 418 F.2d 350, 353 (2d Cir.1969), cert. denied, 398 U.S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 65 (1970). We believe that the plaintiffs' April 15 motion asking the District Court to set aside its dismissal for failure to prosecute can fairly be categorized as a Rule 59(e) motion to alter or amend. As the Second Circuit has said, "[n]otwithstanding a plaintiff's own reliance on Rule 60(b), where a postjudgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.' " Lydell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir.1982), quoting Dove v. Codesco, 569 F.2d 807, 809 (4th Cir.1978).
 
 
 8
 Although plaintiffs' motion to set aside was served[4] 11 days after the District Court dismissed the lawsuit, the motion was timely. The tenth day, April 15, was a Sunday, and under Fed.R.Civ.P. 6(a), when computing time periods, the last day is not included if it is a Saturday, Sunday, or legal holiday. See also Ohio Inns, Inc. v. Nye, 542 F.2d 673 (6th Cir.1976), cert. denied, 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794 (1977).
 
 
 9
 As the motion was timely served, and the appeal from its denial timely taken, this Court has jurisdiction to consider directly the merits of the dismissal for failure to prosecute.
 
 III.
 
 10
 A district court has the authority under Fed.R.Civ.P. 41 to dismiss an action for failure to prosecute, and such a decision is reviewable only for abuse of discretion, Navarro v. Chief of Police, Des Moines, Iowa, 523 F.2d 214 (8th Cir.1975). Nevertheless, dismissal with prejudice is a severe sanction, and therefore should be turned to only in situations where the abuse complained of is in proportion to the drastic nature of the remedy. Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir.1984). Each case must be viewed on its own; however, in Givens, we suggested that dismissal with prejudice should be reserved for instances "of willful disobedience to a court order or continued or persistent failure to prosecute a case." Id.; Navarro, 523 F.2d at 217-18 (a "clear pattern of delay or contumacious conduct ... should precede such a drastic remedy").
 
 
 11
 There is no suggestion here of deliberate disobedience or intentional action to prevent resolution of this lawsuit. It is true that plaintiffs failed for more than two years to file proposed findings of fact and conclusions of law, and then attributed their failure to the unconvincing excuse that they could not complete the required papers for want of the transcript of a two-day trial. As defendant points out, plaintiffs could have done the work without the transcript, or at least informed the court of their predicament.
 
 
 12
 Nevertheless, dismissal of the lawsuit with prejudice is an unnecessarily harsh sanction in this case. Plaintiffs were given no opportunity prior to the dismissal to explain or cure their tardiness;[5] their previous requests for extensions were not so egregious as to render their inactivity after trial the last straw in an unending series of vexations and delays. Most important, plaintiffs' inaction did nothing to thwart the trial of this lawsuit. "The norm of judicial practice should be to dispose of cases on their merits, and dismissals on procedural grounds are justified only in exceptional circumstances," Farmers Plant Food, Inc. v. Fisher, 746 F.2d 451, 452 (8th Cir.1984). Here, the trial was over, the evidence was in. The District Court could have decided this case on the merits by making its own findings and conclusions without waiting for proposals from the parties. It should not have turned to Rule 41 without a clearer showing of abuse by plaintiffs.
 
 
 13
 Accordingly, the District Court's dismissal for failure to prosecute is reversed, and this cause is remanded for further proceedings in accordance with this opinion.
 
 
 14
 It is so ordered.
 
 
 
 [1]
 Jurisdiction was claimed under 28 U.S.C. Secs. 1331, 1343, and 1361, and under 5 U.S.C. Secs. 702 and 703. Declaratory relief was sought under 28 U.S.C. Secs. 2201 and 2202. According to the amended complaint, the suit was brought to enforce the
 obligation of defendants under Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d (hereinafter Title VI); Title VI of the Public Health Services Act, 42 U.S.C. Sec. 291 (hereinafter Hill-Burton); Sec. 314 of the Public Health Services Act, 42 U.S.C. Sec. 246 (hereinafter Sec. 314); Sec. 504 of the Rehabilitation Act as amended in 1978, 29 U.S.C. Sec. 794 (hereinafter Sec. 504); Sec. 1122 of the Social Security Act, as amended in 1972, 42 U.S.C. Sec. 1320a-1 (hereinafter Sec. 1122); and to redress the deprivation of plaintiffs' rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983.
 Jackson v. Conway, 620 F.2d 680, 681 n. 2 (8th Cir.1980).
 
 
 [2]
 Fed.R.Civ.P. 60(b) provides:
 Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...
 
 
 [3]
 Fed.R.Civ.P. 59(e) states:
 Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.
 
 
 [4]
 Service on counsel made by mail is complete on mailing. Fed.R.Civ.P. 5(b); Pacific Maritime Ass'n v. Quinn, 465 F.2d 108, 109 n. 1 (9th Cir.1972). The certificate of service for plaintiffs' April 15 motion stated that copies were mailed to opposing counsel on that date. Under Rule 59(e), the crucial event is service of the motion, not filing
 
 
 [5]
 This is particularly distressing in light of E.D.Mo.R. 15, which provides:
 All civil cases which have been pending for fifteen months shall be examined by the Court to determine if the circumstances with respect to each case are appropriate for dismissal for failure to prosecute, and if the circumstances merit such action, the attorneys in the case shall be advised that unless good cause be shown against said dismissal the Court shall dismiss such case for failure to prosecute and in the order of dismissal note whether the same be with or without prejudice.
 The District Court gave no such notice in this case.