862 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph G. PATTON, Plaintiff-Appellant,
v.
UNITED STATES RAILROAD RETIREMENT BOARD, Defendant-Appellee.
 No. 87-3166.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 28, 1988.
Decided Oct. 31, 1988.
 
 Ralph G. Patton, appellant pro se.
 Clifford Carson Marshall, Jr. (office of the United States Attorney), Lori A. Watkins (United States Railroad Retirement Board) for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ralph Patton seeks review of the Railroad Retirement Board's (Board) calculation of his annuity under the Railroad Retirement Act of 1974 (Act), 45 U.S.C. Sec. 231 et seq. Patton also raises constitutional and statutory challenges to the validity of the Act itself. For the reasons discussed below, we affirm the decision of the Board.
 
 
 2
 Patton originally brought this case in the federal district court in Asheville, North Carolina. The district court dismissed the case on the ground that it had no jurisdiction to review decisions of the Railroad Retirement Board. See 45 U.S.C. Sec. 3551(f). Patton then noted this appeal.
 
 
 3
 We are of the opinion that, rather than dismissing the case for lack of jurisdiction, the district court should have transferred the case to this Court pursuant to 28 U.S.C. Sec. 1631. Section 1631 provides that if a petition for administrative review is filed in a court which lacks jurisdiction, that court must transfer the petition to a court where jurisdiction is proper if justice requires. If a case which should have been transferred by the district court reaches the circuit court on appeal, the circuit court may deem the case transferred pursuant to Sec. 1631. In re: McCauley, 814 F.2d 1350 (9th Cir.1987). Accordingly, we assert jurisdiction and consider Patton's petition on the merits.
 
 
 4
 It appears from a careful review of his numerous pleadings that Patton seeks to advance three main claims.
 
 
 5
 (1) the Railroad Retirement Act violates due process and equal protection because career railroad employees allegedly receive higher annuities than those who had both railroad and non-railroad employment during their careers;
 
 
 6
 (2) the Act violates Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d et seq., because it impermissibly discriminates against non-career railroad employees; and
 
 
 7
 (3) even if the Act is valid, his annuity was calculated incorrectly under its terms.
 
 
 8
 Each of these claims is discussed in turn below.
 
 
 9
 The Act of 1974 created a two-tier retirement system. The first tier (Tier I) consists of an employee's railroad and non-railroad employment. Tier I is calculated using the same formula used to calculate social security benefits. The second tier (Tier II) provides an additional amount based solely on an employee's railroad service. Finally, certain employees, including Patton, qualify under Sec. 231b(h) for an additional benefit called a "vested dual benefit."
 
 
 10
 Patton contends that the Act is unconstitutional because the Tier II component of his annuity is much lower than that received by a career railroader. The Supreme Court addressed the constitutionality of the Act in United States Railroad Retirement Board v. Fritz, 449 U.S. 166 (1980). The issue in that case was whether Sec. 231b(h) of the Act, which created the four classes of annuitants used to determine eligibility for the "dual vested benefit" windfall, was unconstitutional. The Court upheld these classifications, holding that, even though they may be unartfully drawn and may result in some inequality, they were not created in a patently arbitrary or irrational way; to the contrary, they bore a rational relation to Congress's purpose in passing the Act, which was to ensure the solvency of the railroad retirement system by phasing out windfall benefits.[1] Fritz, 449 U.S. at 177-78.
 
 
 11
 This same analysis may be applied to Patton's argument regarding Tier II benefits. Even if the Tier II formula does favor career railroaders over non-career railroaders, this does not necessarily make the Act unconstitutional since a number of plausible reasons for this arrangement can be imagined. For instance, as the Court noted in Fritz, the primary purpose of the Act was to benefit persons who pursue careers in the railroad industry; thus, it is not irrational that their interests were protected to a somewhat greater degree than those of non-career railroaders when financial exigencies demanded that the system be restructured. Fritz, 449 U.S. at 178; see also Hisquierdo v. Hisquierdo, 439 U.S. 572, 573 (1979). While it is unfortunate that Patton falls just a few years short of the thirty years of service needed to qualify as a career railroader, the "task of classifying persons for ... benefits ... inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line." Mathews v. Diaz, 426 U.S. 67, 83-84 (1976). Thus, while the system instituted by the Act may indeed result in some inequality for those like Patton, we perceive no basis for finding the Act unconstitutional.
 
 
 12
 Patton's next claim is that the Act violates Title VI, 42 U.S.C. Sec. 2000d, because it discriminates against non-career railroaders. Patton seems to believe that there are two parts to Title VI: one which prohibits discrimination on the basis of race and one that prohibits discrimination of any sort in connection with federally funded programs. This belief, however, reflects a misunderstanding of Title VI. Discrimination on the basis of race or national origin is an essential element of every Title VI claim. See, e.g., Dowdell v. City of Apopka, 511 F.Supp. 1375, 1384 (M.D.Fla.1981), aff'd, 698 F.2d 1181 (11th Cir.1983); Jackson v. Conway, 476 F.Supp. 896 (E.D.Mo.1979), aff'd, 620 F.2d 680 (8th Cir.1980). Since Patton specifically disavows any claim of racial discrimination, he has failed to state a claim under Title VI.
 
 
 13
 Patton's final claim is that, even if the Act is valid, the Tier II component of his annuity was miscalculated under its terms. Under Sec. 231b(b) of the Act, an employee's Tier II is determined by multiplying the average monthly compensation (AMC) of his highest sixty earnings months in the railroad industry by his years of service and then multiplying the product by seven-tenths of one percent.
 
 
 14
 Patton first contends that in determining his AMC, his highest sixty earnings months, which occurred from 1961-1967, should have been indexed to reflect their value in current dollars. This argument is not supported by the language of Sec. 231b(b). While an employee's yearly earnings are indexed in order to calculate the Tier I component of the annuity, there is no provision in Sec. 231b(b) which requires, or even allows, an employee's sixty highest months of compensation to be indexed for the purpose of calculating Tier II. Indexing is simply not part of the Tier II formula.
 
 
 15
 Patton next contends that in calculating his Tier II component the Board should not limit itself to Patton's sixty highest earnings months in the railroad industry but rather should use the sixty highest earnings months in his entire work history. This contention is also without merit. While Sec. 231b(b) is perhaps not as explicit as it might be in this regard, when read in context and in conjunction the rest of the Act,[2] it is clear that Tier II is to be calculated using an employee's sixty highest earnings months in the railroad industry only.
 
 
 16
 In sum, we conclude that the Board correctly applied the provisions of Sec. 231b in calculating Patton's railroad annuity. Furthermore, as discussed above, we are not persuaded by Patton's challenges to the Act's validity. Accordingly, we affirm the decision of the Board regarding Patton's annuity. We also deny Patton's request that we order the district court to refund his district court filing fee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Though Patton argues that this purpose no longer obtains because the system is now financially sound, the decision whether the Act has outlived its usefulness is solely one for the legislature, not the courts
 
 
 [2]
 See especially the definitions of employee, employer, years of service, etc. in Sec. 231 and Sec. 231b(b)'s reference to the railroad compensation reports required by Sec. 231h