2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Willie MORRIS, Appellant,
v.
CHRISTIAN HOSPITAL, Appellee.
 No. 93-1396EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1993.
Filed: August 19, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie Morris filed a complaint alleging Christian Hospital wrongly certified him as an involuntary patient between May 2 and May 12, 1978. Because Morris had earlier filed two state actions and one federal action against Christian Hospital alleging wrongful hospitalization between May 2 and May 12, 1978, the district court dismissed the action as barred by res judicata. Morris filed two postjudgment motions under Federal Rule of Civil Procedure 60(b), which the district court denied. Morris appeals the dismissal of his action.
 
 
 2
 Christian Hospital argues Morris's appeal was timely from the Rule 60(b) decision but untimely from the res judicata dismissal. We construe Morris's postjudgment motions as timely motions under Rule 59(e) because they were served within ten days of the entry of judgment, they question the correctness of the court's judgment, and they fail to state grounds for relief under Rule 60(b). See Reyher v. Champion Intern. Corp., 975 F.2d 483, 488 (8th Cir. 1992); Quartana v. Utterback, 789 F.2d 1297, 1300 (8th Cir. 1986); Jackson v. Schoemehl, 788 F.2d 1296, 1298 (8th Cir. 1986). Thus, the motions tolled the time for filing a notice of appeal, see Fed. R. App. P. 4(a)(4), and Morris's appeal of the dismissal order was timely filed, see Jackson, 788 F.2d at 1298-99.
 
 
 3
 We agree with the district court that Morris's action is barred by res judicata. See Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989). Although Morris argues he raised a new theory of recovery in the present action, res judicata bars all claims that were or could have been brought in an earlier action. See Brown v. St. Louis Police Dep't, 691 F.2d 393, 396 (8th Cir. 1982), cert. denied, 461 U.S. 908 (1983). We reject Morris's remaining contentions as meritless. We also deny Morris's motion to strike and Christian Hospital's request for damages.
 
 
 4
 Accordingly, we affirm.