# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1237

_____

Gary Fuller,                                    *
                                                *
            Appellant,                          *
                                                *
      v.                                        *
                                                *   Appeal from the United States
                                                *   District Court for the
Wendell Rayburn; George Brooks;                 *   Western District of Missouri.
Stephana Landwehr; Claude Rogers;               *
Robert Taylor; Yvonne Wilson;                   *
Donald Wyss; Lincoln University                 *
Board of Curators; Robert Webber;               *
Ruth McGowan,                                   *
                                                *
            Appellees.                          *

_____

Submitted:  October 28, 1998

Filed:  November 17, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

      Gary Fuller, an African-American, appeals from the district court's order granting
defendants' summary judgment motion, in his action under Title VI of the Civil

Rights Act of 1964, 42 U.S.C. § 2000d[1] et seq., in which he alleged that Lincoln University (University) had discriminatorily canceled his enrollment. We reverse the judgment of the district court and remand for further proceedings.

Initially, we consider defendants' contention that Mr. Fuller should be precluded from relying on Title VI because in an amended complaint his counsel had cited to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. We reject defendants' contention. Early in the proceedings, Mr. Fuller put defendants on notice that Title VI was the basis for his claim, when he referred in a pro se pleading to Title VI and made it clear in his deposition that he was proceeding under Title VI and not Title VII (which he noted pertains to employment discrimination). And consistent with a Title VI theory, Mr. Fuller's summary judgment response referred to 42 U.S.C. § 2000d-7, the statute abrogating sovereign immunity in Title VI actions. Although Mr. Fuller did not allege that the University received federal funding--an element of a Title VI action, see Jackson v. Conway, 476 F. Supp. 896, 903 (E.D. Mo. 1979), aff'd, 620 F.2d 680 (8th Cir. 1980)--defendants offered evidence that the University received federal funding, and Mr. Fuller referred to this evidence in his summary judgment response. Finally, the district court specifically found that Mr. Fuller's claim was brought pursuant to Title VI and decided the claim on that basis, and defendants have not shown that they were prejudiced by any mistaken belief that this was a Title VII action. See Oglala Sioux Tribe of Indians v. Andrus, 603 F.2d 707, 714 (8th Cir. 1979) (federal rules evince belief that party with valid claim should recover, regardless of counsel's failure to perceive true basis of claim at pleading stage, as long as opposing party is not prejudiced).

---

[1]"No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

We now address Mr. Fuller's argument on appeal that the district court erred in disposing of his Title VI action. When the parties appeared on the date scheduled for a jury trial, the district court first found that the action was essentially against the University, and that defendants' partial summary judgment motion based on Eleventh Amendment immunity should therefore be granted as to Mr. Fuller's claim for damages. The court then asked Mr. Fuller's counsel to present to the court (without a jury present) any evidence supporting a finding of discrimination or an award of attorney's fees. Mr. Fuller then provided testimony describing his removal from the University's rolls for allegedly failing to pay certain fees, and Mr. Fuller named three white students who he contended had not paid similar fees but had been permitted to continue in school. In response to questioning by the court, Mr. Fuller testified that the court had "stricken" the relief that he wanted, and that he did not wish to return to the University. Having concluded that reinstatement was the only relief available to Mr. Fuller, the court granted defendants' "directed verdict" motion, apparently prior to Mr. Fuller completing his evidence. Mr. Fuller moved for a new trial, arguing that he was entitled to seek damages, and that he had been denied due process and a fair and impartial trial.

The court later entered a written order confirming its grant of partial summary judgment, sua sponte granting summary judgment "in favor of the defendants on all Counts,"[2] and denying the new trial motion. As relevant here, the court reiterated that the Eleventh Amendment barred Mr. Fuller's claim for damages under Title VI. We also construe the court's order as including a determination that money damages are generally unavailable under Title VI. The court therefore concluded that it was "without a remedy to order" once Mr. Fuller indicated he was not interested in reinstatement. The court nevertheless addressed the merits, concluding that Mr. Fuller

---

[2]Mr. Fuller had alleged in a second count that a University official threatened him, and security personnel pursued him, in violation of the Fourteenth Amendment. He does not refer to these facts in his brief on appeal, and we therefore do not consider this claim. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740-41 (8th Cir. 1985).

had established a prima facie case of race discrimination, but that defendants had provided a legitimate non-discriminatory reason for not permitting Mr. Fuller to continue to attend the University--failure to timely pay his activity fee--and that Mr. Fuller had failed to show the proffered reason was pretextual.

Contrary to the district court's view, we conclude that Title VI generally permits recovery of damages for intentional discrimination. See Lane v. Pena, 518 U.S. 187, 191 (1996) ("Title VI provides for monetary damages awards"); Franklin v. Gwinnett County Pub. Schs, 503 U.S. 60, 70 (1992) ("clear majority" of Court has expressed view that damages are available for intentional violation of Title VI).

We also conclude that Mr. Fuller's Title VI damages claim was not barred by the Eleventh Amendment. We agree with the district court that Mr. Fuller's claims against the Board of Curators, and individual board members and the University President in their official capacities, were essentially claims against the University, see Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); and Mr. Fuller does not contest here that the University was entitled to invoke the State of Missouri's Eleventh Amendment immunity, cf. Treleven v. University of Minn., 73 F.3d 816, 818-19 (8th Cir.1996) (University of Minnesota as State instrumentality was entitled to invoke Minnesota's Eleventh Amendment immunity). We nevertheless agree with Mr. Fuller that by enacting section 2000d-7, "Congress abrogated the States' Eleventh Amendment immunity under . . . Title VI." See Franklin, 503 U.S. at 72.

We conclude further that the district court erred by sua sponte granting defendants summary judgment based upon insufficient evidence of pretext. In analyzing Mr. Fuller's claim of intentional discrimination, the district court applied the burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), a Title VII case. See Quarles v. Oxford Mun. Separate Sch. Dist., 868 F.2d 750, 754 n.3 (5th Cir. 1989) (indicating McDonnell Douglas analysis would be applicable to Title VI claim); Hankins v. Temple Univ., 829 F.2d 437, 438, 440-43

-4-

(3d Cir.1987) (applying same analysis to Title VII and Title VI claims). We agree with the district court that Mr. Fuller presented sufficient evidence in support of a prima facie case under the burden-shifting analysis. Unlike the district court, however, we conclude that Mr. Fuller created a material question of fact as to pretext by identifying white students who he testified were permitted to continue to attend classes after failing to pay their fees, and we further note that Mr. Fuller was apparently precluded from presenting all of his proof supporting his Title VI claim. See Fed. R. Civ. P. 56(c) (motion for summary judgment granted upon showing that there is no genuine issue as to any material fact and moving party is entitled to judgment as matter of law); Madewell v. Downs, 68 F.3d 1030, 1036, 1048 (8th Cir. 1995) (sua sponte grant of summary judgment proper only if party against whom judgment will be entered had sufficient notice and adequate opportunity to show why summary judgment should not be granted); cf. McDonnell Douglas, 411 U.S. at 794, 804 (1973) (in African-American's discriminatory discharge claim under Title VII, it was "[e]specially relevant" to pretext inquiry whether white employees who engaged in same conduct were also terminated).

Finally, we deny Mr. Fuller's "Motion for Consideration and for Judgment" as well as his motion to quash defendants' brief.

The judgment of the district court is reversed, and the case is remanded for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.