745 F.2d 526
 Nathan Lee BURGS, Appellant,
v.
John SISSEL; Mr. Winders; Mr. Kliess; Mr. Walnut; James
C. Huber; Mr. La Barge; Mr. Manternack; Mr.
Clark; Mr. Cornell; Mr. Butler; Mr.
Burge; Mr. Stark; C.O.
Peters, Appellees.
Nathan Lee BURGS, Appellant,
v.
William SPERFSLAGE and Unknown Officers Employed for the
Men's Reformatory at Anamosa, Iowa and L. La
Barge, Mr. Brimmyer and Mr. Manternack, Appellees.
 No. 84-1273.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 15, 1984.
Decided Oct. 9, 1984.
 
 Nathan L. Burgs, Fort Madison, Iowa, pro se.
 Thomas J. Miller, Atty. Gen. of Iowa, Gordon E. Allen, Sp. Asst. Atty. Gen., and Sarah J. Coats, Asst. Atty. Gen., Des Moines, Iowa, for appellees.
 Before ARNOLD, JOHN R. GIBSON and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nathan Lee Burgs appeals from the district court's order dismissing his claim for injunctive relief and damages under 42 U.S.C. Sec. 1983. Burgs, an inmate at the Iowa Men's Penitentiary, alleged that defendants, John Sissel and William Sperfslage, harassed him for seeking redress of grievances in court and for providing legal assistance to fellow inmates at the Reformatory. Burgs further complained of disciplinary action taken by the defendants in which he was removed from his position as legal assistant and law library clerk. Burgs filed his claims on January 27, 1981 and thereafter sought numerous delays. Because his pleadings were, to a large extent, incomprehensible and confusing, the district court on May 3, 1983, issued an order requiring Burgs to file a pretrial statement by May 13, 1983, clarifying the legal issues involved. The court also requested a written statement of the facts, a list of all exhibits Burgs intended to introduce, and the names and addresses of all witnesses he intended to call. The district court clearly stated that failure to comply with the order could result in dismissal of the action.
 
 
 2
 The court issued another order on May 11, 1983, staying the actions until August 1, 1983, and ordering plaintiff to advise the court in writing whether he intended to pursue the actions. On August 17, 1983, plaintiff requested appointment of counsel. The court denied the motion and further noted that plaintiff had failed to comply with the May 11, 1983, order. Burgs was given an additional two weeks to advise the court whether he intended to pursue the actions. Burgs filed a document on October 6, 1983, indicating his intention to proceed with the action. In attempting to comply with the court's order requiring a pretrial statement, he listed members of the Iowa Board of Paroles as witnesses and challenged, among other things, the constitutionality of the rules and procedures of that Board. These charges were totally unrelated to his original complaint.
 
 
 3
 Finally, on January 5, 1984, the district court entered an order, indicating that if plaintiff did not amend his pretrial narrative statement within ten days, the actions would be dismissed. No action was taken within the time limit, and on January 31, 1984, the actions were dismissed.
 
 
 4
 Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law. Faretta v. California, 422 U.S. 806, 834-35 n. 46, 95 S.Ct. 2525, 2540-41 n. 46, 45 L.Ed.2d 562 (1975). A pro se litigant should receive meaningful notice of what is expected of him, but the court is not permitted to act as counsel for either party. Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir.1983). A district court has power to dismiss an action for refusal of the plaintiff to comply with any order of court, Fed.R.Civ.P. 41(b), and such action may be taken on the court's own motion. M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir.1977). Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir.1971). Although a dismissal with prejudice is a drastic remedy, a pattern of intentional delay by the plaintiff is sufficient to warrant such action by the trial court. Garrison v. International Paper Co., 714 F.2d 757, 760 (8th Cir.1983). The standard of review from a dismissal order is whether the district court has abused its discretion. Moore v. St. Louis Music Supply Co., 539 F.2d 1191, 1193 (8th Cir.1976).
 
 
 5
 In this case, Burgs showed a lack of diligence in pursuing his suits and an apparent unwillingness to comply with the orders of the court. He was given three opportunities to comply with the district court's pretrial order and was forewarned each time that failure to do so could result in dismissal. The district court finally dismissed the actions when Burgs did not respond in time to its order of January 5, 1984. We find the district court did not abuse its discretion, and accordingly affirm the judgment of the district court pursuant to 8th Cir. R. 12(a).