FARMERS PLANT FOOD, INC., Appellant,

v.

William J. FISHER and Chari A. Fisher, Appellees.

No. 84-5005.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1984.

Decided Oct. 18, 1984.

---

1. The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

Charles L. Dorothy, Sioux Falls, S.D., for appellant.

Gregory D. Larson, Park Rapids, Minn., for appellees.

Before ARNOLD, FAGG and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Farmers Plant Food, Inc., filed this complaint on June 13, 1983, against William J. Fisher and Chari Fisher. On December 7, 1983, the District Court on its own motion dismissed the complaint for lack of prosecution, but retained jurisdiction for ten days to afford counsel for plaintiff a chance to move to set aside the order of dismissal. Plaintiff did so move within the ten-day period, but on January 3, 1984, the District Court denied the motion, thus making final its earlier order dismissing the complaint with prejudice. Because the record contains no sufficient basis for the imposition of this extreme sanction, we reverse and remand for further proceedings consistent with this opinion.

Immediately after the complaint was filed, the District Court's standard scheduling order was sent to counsel for plaintiff. He was told that discovery must be completed within six months. Thereafter, counsel would have to be ready for trial. Plaintiff's counsel undertook and completed discovery within the prescribed time.

Defendants served an answer on plaintiff. Plaintiff was ready for trial, and, as far as we know, defendant was too. Nothing further happened until the District Court dismissed the complaint for lack of prosecution.

At the hearing before the District Court on plaintiff's motion to set aside this order, the Court's reasons were explained. Although defendants had served an answer on plaintiff, they had not filed it with the Clerk of the District Court. Under the District Court's standard order, it was plaintiff's lawyer's duty to notify the Clerk of the name, address, and telephone number of counsel for defendants as soon as he learned this information. This plaintiff's lawyer did not do so. For this default, the complaint was dismissed.

Of course counsel should have followed the District Court's standard order. But dismissal is an extreme sanction and should be used only in cases of willful disobedience of an order of court or persistent and continued failure to prosecute a complaint. See, e.g., Lorin Corp. v. Goto & Co., Ltd., 700 F.2d 1202, 1207–08 (8th Cir.1983). The norm of judicial practice should be to dispose of cases on their merits, and dismissals on procedural grounds are justified only in exceptional circumstances.

Plaintiff's lawyer did not know that defendants' answer had not been filed with the Clerk. He thought that it had been, and so could reasonably have believed that the Clerk knew the name, address, and telephone number of counsel for defendants.[1] We do not condone the failure to follow the standard order, but this was a one-time omission, not willful or contumacious, and not so serious as the defendants' own omission even to file an answer. In our opinion, dismissal of the complaint with prejudice was not appropriate.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

---

1. We note, moreover, that on July 29, 1983, the plaintiff did file with the Clerk a notice of deposition containing the name and address of defendants' counsel. So apparently the only item of information not made available to the Clerk was the telephone number of defendants' counsel. See Designated Record 10.