**Colleen GIVENS, Appellant,**

v.

**A.H. ROBINS CO., INC., Appellee.**

No. 84–1482.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1984.

Decided Dec. 27, 1984.

Charles A. Collins, Minneapolis, Minn., Michael G. Goodman, Omaha, Neb., for appellant.

Ronald F. Krause, Omaha, Neb., for appellee.

Before ARNOLD, FAGG and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This case presents the question whether the District Court abused its discretion in dismissing the plaintiff's action because her lawyer had failed to comply with a discovery order. It also raises the question whether the complaint on its face was barred by limitations, Neb.Rev.Stat. § 25-224 (Cum.Supp.1982), so as to justify the granting of defendant's motion to dismiss. We hold that counsel's failure to complete discovery before the deadline fixed by court order does not warrant the sanction of dismissal of the complaint with prejudice, though certainly some sanction should be imposed. We also hold that the complaint sufficiently alleges facts that, under Nebraska law, appear to toll the period of limitations. We therefore reverse the dismissal of the complaint and remand for further proceedings, including motions for summary judgment, if filed.

## I.

On July 29, 1983, the plaintiff brought suit against the defendant A.H. Robins Company, Inc., for damages she allegedly suffered as a result of her use of a Dalkon Shield intrauterine device manufactured by the defendant. The plaintiff alleges that this device was implanted in January 1973, and that after its implantation she became pregnant, had a septic abortion and chronic pelvic inflammation, and finally underwent a hysterectomy in 1980. The defendant moved to dismiss on the ground that the action was barred by the Nebraska statute of repose, Neb.Rev.Stat. § 25-224(2) (Cum. Supp.1982), which requires that a products liability action be commenced within ten years after the product was first sold.[1] Although the plaintiff failed to file a brief opposing this motion, the District Court considered the motion on its merits and concluded that the ten-year statute of repose barred the plaintiff's action.

The plaintiff filed a motion for reconsideration, arguing that the defendant was estopped to assert the statute of limitations because it had fraudulently concealed its knowledge that the Dalkon Shield was dangerous. (The complaint had so alleged.) On December 9, 1983, the District Court reinstated the complaint to enable the parties to conduct discovery as to the facts underlying the alleged concealment and to brief the issue whether Nebraska law recognizes equitable estoppel as an excuse for non-compliance with the statute of limitations. The Court allowed the parties until March 9, 1984, to complete discovery and required that all interrogatories or requests for documents be submitted sufficiently early so that discovery would be completed by that date. It also instructed

---

1. This case involves two distinct aspects of the Nebraska statute limiting the time within which products-liability actions may be brought. The ten-year statute of repose, § 25-224(2), was the basis of the District Court's initial order of dismissal. This period runs from the product's sale to the plaintiff. Later, the four-year statute of limitations, § 25-224(1), which runs from the occurrence of injury, came into the case, as we shall explain below. The statute provides in pertinent part:

(1) All product liability actions ... shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.

(2) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action ... shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.

the parties to file cross motions for summary judgment on or before April 9, 1984, on the limitations and concealment issues. Responsive briefs were to be filed by April 27.

Plaintiff did not even attempt to commence discovery until March 5, long past the time contemplated by the District Court's order. On March 15 her lawyer moved for an extension of the already-expired discovery deadline, but he gave no reason approaching good cause for his lack of diligence. On April 6, 1984, the District Court reinstated its order of September 28, 1983, dismissing the complaint with prejudice. It did so for three stated reasons: (1) plaintiff had not shown good cause for her failure to initiate and complete discovery on time; (2) plaintiff had established no record to support her theory of equitable estoppel by concealment; and (3) plaintiff had cited no authority to show that Nebraska law would recognize any such theory of tolling. Designated Record (D.R.) at 48–49. The Court did not rule on plaintiff's motion for summary judgment, which she filed on April 9, after the entry of the Court's order. Defendant never actually filed its motion for summary judgment, because the Court's order of April 6 made such a motion superfluous.

On April 27, 1984, the District Court on its own motion filed a supplemental opinion. Its decision to dismiss the complaint, the Court said, was further supported by an opinion of the Supreme Court of Nebraska filed on April 20, *Condon v. A.H. Robins Co.*, 217 Neb. 60, 349 N.W.2d 622 (1984). D.R. at 60–61. *Condon* deals with the four-year period specified by § 25–224(1) and holds that an injury "occurs" within the meaning of this statute when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the existence of . . . injury, or damage." 217 Neb. at 61, 349 N.W.2d at 623. Under any theory, the Court reasoned, Ms. Givens must have known of the "injury" in 1973, because that is when fever, cramping, and bleeding occurred, leading to the removal of the Dalkon Shield and a septic abortion. Plaintiff had not claimed that

Robins concealed from her the fact of injury. Therefore, even if she could show concealment of evidence demonstrating the dangerousness of the Dalkon Shield, and even if Nebraska law recognized concealment as legally effective to suspend the running of the period of limitations, the Court reasoned, this complaint would still be barred on its face by the passage of four years from the date of injury.

This appeal followed.

## II.

We first address the question whether the District Court abused its discretion in dismissing the plaintiff's action for failure to comply with the discovery deadline. We believe this sanction is excessive when compared with counsel's transgression. Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint. *Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1207–08 (8th Cir.1983). Certainly the district courts are more familiar with proceedings before them and with the conduct of counsel than we are, and we should give them a large measure of discretion in deciding what sanctions are appropriate for misconduct. But the punishment should fit the crime, and not every instance of failure to comply with an order of court, however inexcusable, justifies total extinction of a client's cause of action. See *Farmers Plant Food, Inc. v. Fisher*, 746 F.2d 451 (8th Cir.1984) (plaintiff's counsel's failure to notify clerk of the district court of the name, address, and telephone number of opposing counsel does not justify dismissal with prejudice, at least where the clerk already had most of this information in his file). Here, no good reason has been shown for the failure to complete discovery on time. But the normal sanction for such a failure is simply to disallow any further discovery and to put plaintiff to her proof without the aid of whatever evidence discovery might have produced. We cannot be sure what

evidence of concealment plaintiff might have, but we do not believe that failure to complete discovery in a timely fashion should forever foreclose her from attempting to prove her case from other sources, including, for example, evidence that had already been produced by Robins in other actions, or that counsel for plaintiff might obtain through the voluntary cooperation of other lawyers representing other Dalkon Shield plaintiffs.

In our opinion, the circumstances here did not warrant the extreme sanction of dismissal. On remand, the District Court should consider what sanctions might be appropriate.

Nor can we agree that the plaintiff's complaint, as a matter of pleading, was so clearly deficient on its face as to justify dismissal on statute-of-limitations grounds. A few weeks after the District Court's order in this case, the Nebraska Supreme Court explicitly recognized that equitable estoppel will toll the running of the ten-year statute of repose. *MacMillen v. A.H. Robins Co.*, 217 Neb. 338, 348 N.W.2d 869 (1984). *MacMillen* decided on May 11, 1984, involved a complaint alleging, like the one before us now, that Robins had intentionally withheld information from the public regarding the dangers inherent in the use of the Dalkon Shield. This allegation, the Supreme Court held, was sufficient to require the overruling of a demurrer raising the defense of limitations. Thus, although *MacMillen* was not available to the District Court, we now know that Nebraska recognizes the doctrine of equitable estoppel, and we must decide the case on the basis of the law as it now exists.

█ In *Condon,* the Supreme Court held that the four-year period contained in subsection (1) of the statute begins to run when the plaintiff knows that she has been injured, or, in the exercise of reasonable diligence, should know it. As the District

Court pointed out in its supplemental opinion, plaintiff knew she had been injured in 1973. But plaintiff also contends, D.R. at 53, that another Dalkon Shield was inserted after the first one was removed. The pelvic inflammatory disease from which she alleges that she suffered, and the hysterectomy that was performed in 1980, could be the result of this second insertion. If so, a distinct injury may have occurred, culminating in 1980, in which event her complaint would not be barred by the four-year statute. "[T]he date on which the statute of limitations under § 25–224(1) begins to run in regard to one particular injury or damage may not be the same as it is with respect to a further or different injury or damage occasioned by the use of or contact with the defective product." *Condon,* 217 Neb. at 61, 349 N.W.2d at 623. "[T]here may be different times at which the statute of limitations begins to run on various injuries or damages." *Id.* at 69, 349 N.W.2d at 627. In addition, there may be an issue of fact as to whether plaintiff knew her abortion had been induced by the Dalkon Shield. Such knowledge, under *Condon,* is relevant to whether she knew that a "legal injury" had taken place.

As we have noted, the District Court never actually ruled on either side's entitlement to summary judgment. Normally the questions of fraudulent concealment and a plaintiff's due diligence are questions of fact unsuited for summary disposition. *MacMillen,* 217 Neb. at 342–33, 348 N.W.2d at 872. The same could well be said of the question whether several distinct injuries or damages, each triggering a different four-year period, may have occurred. On remand, however, defendant is free to move for summary judgment, if it wishes, its motion to be considered, of course, under the law as set forth in *Condon* and *MacMillen.*[2]

---

**2.** Robins's brief in this Court argues only the lack of diligence of Ms. Givens's lawyer as a ground for affirming dismissal of the complaint. It does not argue that the complaint was properly dismissed because of the defense of limitations or repose. In fact, the brief, p. 5, concedes that plaintiff's "counsel was ultimately vindicated as to his theory of relevant substantive law by" the Supreme Court of Nebraska.

### III.

For the reasons we have given, the judgment of the District Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.