**FIRST GENERAL RESOURCES COMPANY, et al., Plaintiffs,**

v.

**William M. PAGE, Jr., et al., Defendants.**

No. J–C–88–242.

United States District Court, E.D. Arkansas, Jonesboro Division.

March 29, 1991.

Larry G. Dunklin, Walker, Roaf, Campbell, Ivory & Dunklin, Michael G. Smith, Giroir and Gregory, Little Rock, Ark., Steve Sumner, Sumner & Schick, Dallas, Tex., Robert M. Cook, Law Offices of Robert M. Cook & Associates, Phoenix, Ariz., for plaintiffs.

Dennis C. Trott, Henderson & Koplik, New York City, for defendants Adams & Peck and Kuhns Bros. and Laidlaw, Inc.

Anna Hirai Gibson, James M. Moody, Charles L. Schlumberger, Wright, Lindsey & Jennings, Little Rock, Ark., for defendant Biddle Drinker.

Lance R. Miller, Mitchell, Williams, Selig & Tucker, Little Rock, Ark., David N. Laser, Snellgrove, Laser, Langley & Lovett, Jonesboro, Ark., Peter Silverman, Silverman, Skolnick & Hochberg, P.C., Martin Karlinsky, Scheffler, Karlinsky & Stein, New York City, for defendants Elton Leather Corp., Feuer Leather Corp., Irwin Feuer and Laidlaw and Robert Schnebel.

Charles D. Frierson, III, Jonesboro, Ark., Ira G. Greenberg, Summit, Rovins & Feldsman, New York City, for defendant Gerald Greenblatt.

E.J. Ball, Ball & Mourton, Ltd., Stephen E. Adams, Stephen E. Adams, Ltd., Fayetteville, Ark., for defendant Harold Ohlendorf.

Stephen E. Adams, Stephen E. Adams, Ltd., Fayetteville, Ark., for defendant Hazen L. Page.

John C. Deacon, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., Dennis Tracey, Davis, Markel & Edwards, New York City, for defendants William M. Page, Jr. and Aris Paxinos.

Donald H. Bacon, Friday, Eldredge & Clark, Little Rock, Ark., Steven W. Quattlebaum, Williams & Anderson, Little Rock, Ark., for defendant Price Waterhouse.

William L. Fergus, Osceola, Ark., for defendant Robert Sawyer.

S. Hubert Mayes, Jr., Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A., Little Rock, Ark., for defendant Starr Peters Dunn Wadleigh.

## ORDER

HENRY WOODS, District Judge.

This case must be dismissed, pursuant to Rule 41(b) of the Fed.R.Civ.P. After considerable deliberation, I now conclude that it should be dismissed with prejudice.

The plaintiffs, primarily through Mr. Kelso, have demonstrated an inexcusable disregard for this court's orders and for the Rules of Civil Procedure. In the early stages of the lawsuit, the plaintiffs moved for a preliminary injunction, then withdrew that motion the day before the scheduled hearing. By that time lawyers and witnesses had arrived in Little Rock from distant points, at considerable cost. Plaintiffs were assessed costs in excess of four thousand dollars.

On December 5, 1990, defendants Page and Paxinos moved to compel responses to Interrogatories and Requests for Production propounded to them in May, 1990. The plaintiffs did not respond to the motion to compel.

Subsequently, the plaintiffs' lead counsel, Sumner & Schick, moved to withdraw from the case, representing to the court that the plaintiffs had "requested that the attorney/client relationship ... be terminated." The court translated that to mean that the plaintiffs had fired their lawyers. However, local counsel, Larry Dunklin, remained counsel of record.

By Order filed January 22, 1991, counsels' motion to withdraw was granted, over the objections of virtually all of the defendants, who suspected that the withdrawal was a delay tactic. The plaintiffs were given fifteen days to designate new lead counsel; it was unclear to the court whether Mr. Dunklin would become lead counsel, or whether the plaintiffs desired to hire additional counsel.

In the January 22 Order, the Page and Paxinos Motion to Compel was granted. The plaintiffs were given fifteen days, in addition to the fifteen days to designate lead counsel, to respond to the defendants' twenty-six interrogatories and thirty-eight requests for production of documents. So the plaintiffs had until February 22, 1991 to respond to the discovery requests. A brief continuance was granted, in part to allow new counsel to prepare for trial and to allow all counsel to complete discovery.

Counsel from Sumner & Schick were ordered to deliver a copy of this court's January 22, 1991 Order to the plaintiffs and to "take whatever steps they deem necessary to be prepared to assure the court that delivery was indeed made."

In language that the court considers plain and unambiguous, the following warning was issued via the January 22 Order:

The plaintiffs should understand that I will tolerate no more delays and there will be no extensions to my order regarding designation of lead counsel; and there will be no further extension for providing responses to outstanding discovery.

Subsequently, on February 1, 1991, the Sumner & Schick law firm notified the court of its various attempts to deliver the court's January 20 Order and the case files to plaintiff Malcom Kelso. The court has no doubt that Mr. Kelso received the January 20 Order, or that his failure to receive the Order was deliberate and intentional. An affidavit of Scott Fulghum, an employee of Wingtip Couriers, attached to the Sumner notification of delivery, indicates that Mr. Kelso refused to accept the delivery of the files from Sumner & Schick. According to the Fulghum affidavit, Mr. Kelso informed the courier that he had no legal authority to accept the files and that his company "no longer owned the companies who are the subject of the law suit."

By letter dated February 6, 1991 (but file-stamped in the Clerk's office February 13, 1991), Mr. Kelso informed this court, among other things, that he had not fired Sumner & Schick and that *he had no authority to do so* because he was no longer an officer or director of plaintiff First General. He acknowledged that he knew of the court Order directing him to designate lead counsel, and further acknowledged that Sumner & Schick had attempted to deliver the case files to him. Mr. Kelso represented to this court that he lacked the "capacity" to accept the files.

In the February 6, 1991 letter Mr. Kelso requested a sixty-day extension so that a foreclosure suit could be instituted in Tennessee. Mr. Kelso attached a number of letters he purportedly wrote to Sumner & Schick. I am perplexed as to why. The letters corroborate that Kelso did indeed fire Sumner & Schick. A copy of a letter from Kelso to Sumner & Schick dated December 14, 1990 reads:

In addition to the previously requested full accounting of the FGRC trust account and retainer, I need to be made aware of any related specific trial settings, motion hearings, or discovery cutoff dates.

Again, I ask that all FGRC-related case document be forwarded to [Attorney] Vance Stanton....

The parties were given eleven days to respond to the request for a sixty-day extension. All opposed the extension, reciting this court's January 22 Order that there would be no further delays and no extensions. The defendants' responses also advised the court that the plaintiffs had not complied with the Order compelling the plaintiffs to respond to discovery by February 22, 1991. The Motion to Extend the Time to Retain Counsel was denied in an Order filed March 14, 1991.

Again in the March 14 Order, the plaintiffs were ordered to respond to discovery:

> The plaintiffs are ordered to provide all defendants with outstanding discovery requests on or before March 22, 1991, whether or not the plaintiffs have retained new counsel. *Failure to comply will result in a dismissal of this action.*

(Order filed March 14, 1991) (emphasis added). This second order compelling discovery was sent not only to plaintiffs' local counsel, Mr. Dunklin, but directly to Mr. Kelso.

On March 22, 1991, new counsel stated appearance on behalf of the plaintiffs. By and through new counsel, plaintiff moved for an extension of time to answer the outstanding Interrogatories. There was no explanation forthcoming as to how Mr. Kelso had acquired the authority to hire counsel since his representation to the court that he had no such authority.

The court is mindful that dismissal with prejudice is "an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.,* 751 F.2d 261, 163 (8th Cir.1984). However, "a pattern of intentional delay by the plaintiff is sufficient to warrant such action by the trial court." *Fletcher v. Southern Farm Bureau Life Ins. Co.,* 757 F.2d 953, 956 (8th Cir.1985); *Burgs v. Sissel,* 745 F.2d 526 (8th Cir.1984) (per curiam).

The plaintiffs in this case have exhibited, not only a pattern of intentional delay, but a wanton disregard for this court's orders. Rule 41(b) provides for involuntary dismissal for failure "to comply with these rules or any order of court."

This court has repeatedly accommodated the plaintiffs' requests for extensions to respond to motions, numerous extensions to designate local counsel and extensions to comply with court orders. In light of recent events, the court must seriously question how many of those extensions were requested for the purpose of delay.

Enough is enough. For the repeated, willful and intentional refusal to comply with this court's orders, the plaintiffs' complaint is hereby dismissed with prejudice.