958 F.2d 204
 1992-1 Trade Cases P 69,740, 21 Fed.R.Serv.3d 1132,
RICO Bus.Disp.Guide 7986
 FIRST GENERAL RESOURCES COMPANY; Malcolm M. Kelso; Roy
Mers; Osceola Shoe Company, Inc., Appellants,
v.
ELTON LEATHER CORPORATION; Feuer Leather Corporation;
Gerald Greenblatt; Irwin Feuer and Laidlaw; Harold
Ohlendorf; Hazen L. Page; William M. Page, Jr.; Aris
Paxinos; Price Waterhouse; Robert Sawyer; Robert
Schnebel; Winthrop Wadleigh, Appellees.
 No. 91-2018.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 7, 1992.
Decided Feb. 26, 1992.
 
 Alan Meda, Phoenix, Ariz., argued (Robert Cook, on brief), for appellants.
 John Deacon, Jonesboro, Ark., argued (Ira Greenberg, New York City, Charles Frierson, III, Jonesboro, Ark., on brief), for appellees.
 Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 First General Resources Co., by Malcolm M. Kelso and Roy Mers, its trustees, and Osceola Shoe Co., (collectively "Appellants") filed an action in federal district court, alleging that various individuals and entities ("Appellees") had overstated Osceola's value in connection with First General's purchase of the company. The district court dismissed the Appellants' action with prejudice under Federal Rule of Civil Procedure 41(b) for flagrant violations of the court's discovery orders. 135 F.R.D. 185. Appellants assert on appeal that the district court abused its discretion. We affirm.I. BACKGROUND
 
 
 2
 A detailed discussion of the underlying action involved in this case is not necessary; a brief summary is sufficient. In March 1984, First General purchased all of Osceola's stock from its shareholders. Four years later, Osceola began to experience financial difficulties and the Appellants filed the present action on September 27, 1988, asserting various claims against the Appellees under the federal securities and antitrust laws, the Racketeer Influenced and Corrupt Organizations Act, state securities and consumer protection laws, and the common law.
 
 
 3
 The district court based its decision to dismiss the Appellants' action on a series of events that, in the court's opinion, "demonstrated an inexcusable disregard for this court's orders and for the Rules of Civil Procedure." First Gen. Resources Co. v. Page, 135 F.R.D. 185, 185 (E.D.Ark.1991). These events began early in the litigation when the Appellants withdrew a motion for a preliminary injunction the day before the scheduled hearing, causing significant inconvenience and cost for the Appellees' attorneys and witnesses, who had traveled long distances to be present. The court sanctioned the Appellants by ordering them to pay the costs that the Appellees had incurred in preparing for the hearing.
 
 
 4
 The particular series of events that ultimately led to the dismissal of the Appellants' action began when the Appellants failed to respond to various interrogatories and requests for production of documents made by Appellees William M. Page, Jr., and Paxinos in May 1990. Although the district court once had stayed discovery, the stay ended on October 22, 1990. In December 1990, the Appellees finally moved for an order compelling discovery, but the Appellants did not respond. The failure to respond resulted in part because Kelso, First General's Chairman of the Board, had written a letter to the Appellants' lead counsel, Sumner & Schick, demanding that the firm turn over all documents concerning the litigation to another attorney. Viewing this as a termination of the attorney-client relationship, Sumner & Schick moved to withdraw.
 
 
 5
 The district court granted Sumner & Schick's motion in an order dated January 22, 1990, and gave the Appellants fifteen days to designate a new lead counsel. The court also granted the Appellees' motion to compel discovery in the same order and gave the Appellants an additional fifteen days to respond to the discovery requests. Finally, the court set a trial date of July 22, 1991, and explicitly warned the Appellants that it "will tolerate no more delays and there will be no extensions to [its] order regarding designation of lead counsel; and there will be no further extensions for providing responses to outstanding discovery." First Gen. Resources Co. v. Page, No. J-C-88-242, Order at 2 (E.D.Ark. Jan. 22, 1991).
 
 
 6
 On February 1, 1991, Sumner & Schick informed the district court that it had attempted to deliver the court's order and its files to Kelso, but that Kelso had refused delivery, claiming he no longer owned the companies involved in the suit. Kelso subsequently informed the court in a letter received on February 13, 1991, that he never intended to fire Sumner & Schick, much less had the authority to do so. Kelso explained that at the time, First General had no officers or directors because their terms, including his, had expired in October 1989 and the shareholders had not yet elected replacements. Kelso admitted that he knew about the court's January 22 order and Sumner & Schick's attempts to deliver its files to him, but claimed that he lacked capacity to accept the files.
 
 
 7
 In the same letter, however, Kelso continued to act on First General's behalf by requesting a sixty-day extension to comply with the court's January 22 order. The district court denied Kelso's request in an order dated March 14, 1991. This order required the Appellants to comply with all outstanding discovery requests on or before March 22, 1991, whether or not the Appellants had obtained new counsel. The order expressly warned that "[f]ailure to comply will result in a dismissal of this action." First Gen. Resources Co. v. Page, No. J-C-88-242, Order at 1 (E.D.Ark. Mar. 14, 1991).
 
 
 8
 Despite his claim that he lacked authority to represent First General's interests, Kelso hired new counsel who appeared before the district court on March 22, 1991, and requested yet another extension of time to respond to the Appellees' discovery requests. The Appellants promised to respond to the interrogatories within seven days. The Appellees moved for dismissal of the Appellants' action. Its patience exhausted, the district court, consistent with its explicit warning, dismissed the action with prejudice on March 29, 1991.
 
 II. DISCUSSION
 
 9
 The Appellants contend that the district court abused its discretion in dismissing their action with prejudice. We disagree. Under Rule 41(b), the district court expressly has authority to dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b). Although dismissal with prejudice is a severe sanction, the court may impose such a sanction where the plaintiff has engaged in a pattern of intentional delay. E.g., Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir.1984) (per curiam). The court does not need to find that the plaintiff acted in bad faith, merely that the plaintiff acted deliberately as opposed to accidentally. E.g., Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 97 (8th Cir.1971). We review the district court's decision to dismiss an action solely for abuse of discretion. E.g., Burgs, 745 F.2d at 528.
 
 
 10
 We find no abuse of discretion here. The Appellants committed a series of deliberate acts that delayed the progress of the underlying litigation and culminated in a total failure to comply with the district court's direct order to respond to the Appellees' discovery requests. The district court twice ordered the Appellants to respond to the discovery requests, provided them an extension on each occasion, and expressly warned the Appellants in the second order that failure to do so would result in dismissal of their action. Under these circumstances, we have no difficulty in agreeing with the district court that the Appellants' actions constituted a pattern of intentional delay meriting dismissal with prejudice. See Burgs, 745 F.2d at 528; Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir.1983) (per curiam).
 
 
 11
 The Appellants attempt to explain their noncompliance by blaming former lead counsel, alleging, among other things, that Sumner & Schick failed to keep them informed of the proceedings. Thus, Appellants contend that they are innocent of any wrongdoing and should not be held responsible for the actions of their counsel. Based on the record as a whole, particularly Kelso's actions, we find the Appellants' assertions dubious at best, and conclude that the district court reasonably held them responsible for the failure to respond to discovery. See Denton v. Mr. Swiss of Missouri, Inc., 564 F.2d 236, 241 (8th Cir.1977).
 
 
 12
 The Appellants also complain that the district court imposed too harsh a punishment and, instead, should have considered lesser sanctions, such as court costs or civil contempt proceedings. To support their argument, the Appellants rely on our decision in Givens v. A.H. Robins Co., 751 F.2d 261 (8th Cir.1984), which reversed the dismissal of an action for failure to complete discovery, id. at 263. The Appellants' reliance on Givens, however, is misplaced. In Givens, the plaintiff failed to complete its own discovery before the district court's deadline, id.; in the present case, the plaintiffs are preventing the defendants from completing discovery. Thus, in Givens, the district court could have imposed a lesser sanction on the plaintiffs, while avoiding further delay or prejudice to the defendants by forcing the plaintiffs to proceed directly to trial. Here, in contrast, had the court imposed lesser sanctions, it would have either had to permit additional delay or require the defendants to proceed to trial without completing discovery, both of which would have unfairly prejudiced the defendants. Moreover, the district court already found lesser sanctions ineffective. It had imposed costs on the Appellants after they cancelled the preliminary injunction hearing, yet the delays continued. Consequently, we do not believe that dismissal with prejudice is an inappropriate sanction under the circumstances of this case.
 
 III. CONCLUSION
 
 13
 For the above reasons, we affirm the district court's dismissal with prejudice of the Appellants' action.