United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4125

_____

Mary Brooks,                                    *
                                                *
              Appellant,                        *
                                                *   Appeal from the United States
       v.                                       *   District Court for the
                                                *   Eastern District of Missouri.
Special School District of St. Louis            *
County,                                         *          [UNPUBLISHED]
                                                *
              Appellee.                         *

_____

Submitted:  October 9, 1997
     Filed:   October 15, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Mary Brooks appeals from the District Court's[1] order dismissing her Title VII, 42 U.S.C. § 2000e et seq. (1994), action for failing to pay the District Court filing fee. We affirm.

Brooks filed a Title VII complaint against her former employer, Special School District of St. Louis County, paying the filing fee by check. Three weeks later, the

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

District Court clerk sent a letter stating that the check had been returned due to insufficient funds, and that "[i]t is imperative that this check is covered immediately." Brooks failed to pay the fee, and four months after the clerk's letter was sent, the Court entered an order dismissing Brooks's claim without prejudice for failure to pay the filing fee. Brooks filed a motion to set aside the dismissal. The District Court denied this motion, and Brooks appealed. On appeal, Brooks argues the District Court abused its discretion in dismissing her complaint without prejudice, and asserts the dismissal was, in effect, a dismissal with prejudice because she is now time-barred from re-filing the action.

The District Court has the inherent power to control its docket, see M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977), and may dismiss an action for failure to comply with a court order or failure to prosecute, see Fed. R. Civ. P. 41(b); First Gen. Resources Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam); Garrison v. International Paper Co., 714 F.2d 757, 759 (8th Cir. 1983). We review such dismissals only for abuse of discretion. See First Gen. Resources Co., 958 F.2d at 206. Payment of a filing fee is mandatory for a party instituting a civil action. See 28 U.S.C. § 1914 (1994).

After carefully reviewing the record, we conclude the District Court did not abuse its discretion in dismissing Brooks's action for failure to pay the filing fee.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-