# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-2989

———————

Matthew Duke Rodgers,           *
                                     *

         Appellant,      *

                                     *

   v.                          *

                                   *  Appeal from the United States

The Curators of the University of  *  District Court for the
Missouri; Charles Geiss; James     *  Western District of Missouri
Parker; Ray Dockweiler; Jenice      *
Stewart, Jo Behymer; Suzanne       *
Holland; Wanda Kent,              *

                                   *

         Appellees.      *

———————

Submitted:   March 12, 1997

Filed:   February 3, 1998

———————

Before McMILLIAN, FLOYD R. GIBSON and JOHN R. GIBSON,
    Circuit Judges.

———————

McMILLIAN, Circuit Judge.

Matthew Duke Rodgers ("appellant") appeals from a final order of the district court[1] dismissing his action with prejudice pursuant to Rule 41(b) of the Federal Rules

———————

[1] The Honorable Scott O. Wright, United States Senior District Judge for the Western District of Missouri.

of Civil Procedure for failure to prosecute and follow court orders, and awarding attorneys' fees in favor of The Curators of the University of Missouri, Charles Geiss, James Parker, Ray Dockweiler, Jenice P. Stewart, Jo Behymer, Suzanne Holland, and Wanda Kent (collectively, "appellees"). For reversal, Rodgers argues that the district court (1) abused its discretion in failing to consider lesser sanctions and (2) erroneously found that his conduct was "wilful." For the reasons discussed below, we affirm the order of the district court.

## I. Jurisdiction

Jurisdiction was proper in the district court based upon 28 U.S.C. §§ 1331 and 1367. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.

## II. Background

The following facts are derived from the findings of the district court and the record on appeal. On May 14, 1989, appellant, then a student at the University of Missouri at Columbia ("University"), was in an automobile accident in which he suffered serious head injuries. Upon returning to the University in 1990, Rodgers requested accommodation for his injury-related learning difficulties.

On July 11, 1994, appellant filed suit in federal district court against appellees alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* In brief, appellant claimed that the University neglected his needs and failed to provide the accommodations that he requested or, alternatively, provided inadequate accommodations. On June 10, 1996, the district court dismissed appellant's action

with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and awarded attorneys' fees in favor of appellees. [2]

The circumstances which occasioned the district court's dismissal occurred over a two-year period (following the filing of appellant's complaint) in which appellant repeatedly disregarded orders of the district court. First, appellant failed to comply in a timely fashion with the district court's order to produce certain material documents (specifically, bank and income tax records) that appellees had sought unsuccessfully from appellant since 1995. Instead, appellant sporadically produced selected documents, some of which were not produced until March 29, 1996, the day of the hearing on the district court's order to show cause why the action should not be dismissed for appellant's violation of discovery orders.

Second, appellant failed to appear at a properly-noticed, court-ordered deposition. On April 12, 1996, appellees informed the district court that appellant had been only partially deposed and certain aspects of the litigation required further inquiry. The district court subsequently ordered appellant to complete his deposition with appellees on April 22, 1996.[3] However, appellant failed to appear at his deposition.

Finally, appellant violated a court order prohibiting him from firing his fourth set of counsel. Specifically, during a scheduling conference on October 5, 1995, the district court forewarned appellant via his then-current counsel, Lynn Bratcher, that his

---

[2]Appellant does not appeal the district court's award of attorneys' fees.

[3]The parties had previously agreed to complete appellant's deposition after the close of discovery in order to accommodate a scheduling conflict between appellant and his then-current counsel. Accordingly, the district court scheduled appellant's deposition for April 15, 1996. However, as this date did not comport with appellant's schedule, the deposition was rescheduled for April 22, 1996, in Kansas City, Missouri.

case would be dismissed with prejudice if he should fire her.  The following exchange occurred:

> THE COURT:   If this guy fires you Lynn [Bratcher], I'm going to dismiss his case with prejudice.
>
> MS. BRATCHER:   Okay.   I understand that, Your Honor.
>
> THE COURT:  You better tell him that.
>
> MS. BRATCHER:   Okay.   I understand that, Your Honor.

Joint Appendix ("J.A.") at 119 (District Court Order of June 10, 1996 ("Order"), at 3 (citing Transcript of Telephone Conference of Oct. 5, 1995, at 8)).  Bratcher subsequently informed appellant in writing that her withdrawal  would trigger the dismissal of his case with prejudice.  Specifically, Bratcher wrote: "[Judge Wright] said that if your lawyers withdraw again, he will dismiss the case with prejudice. I just want you to be aware of that."  J.A. at 213 (Exhibit E of Motion to Reconsider, Letter from Bratcher to appellant of Oct. 6, 1995, at 1).

Despite this warning, on April 21, 1996, appellant fired Bratcher.   By that time, four sets of counsel had withdrawn and been replaced as attorneys-of-record in appellant's suit.  As a result of these changes in counsel and the new issues raised in appellant's amended complaints, the district court extended the discovery cut-off date five times and reset the trial date three times.

On April 29, 1996, appellees moved to dismiss appellant's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[4]  The next day, appellant obtained

_____

[4]The Curators had previously moved for a dismissal of appellant's case with prejudice on September 13, 1995.  However, the district court declined to rule on that motion.

his fifth and current set of counsel. On June 10, 1996, the district court granted appellees' motion, finding that appellant had deliberately violated court orders and engaged in dilatory conduct, that appellant's conduct had prejudiced appellees by inhibiting their preparation for trial and compelling the expenditure of scarce educational resources, that the imposition of lesser sanctions would be ineffective and unjustified, and that appellant's conduct was conscious, intentional, taken deliberately for tactical gain, and had the effect of attacking the integrity of the court. More specifically, the district court found that appellant was dilatory in his prosecution of the case based on his filing a second amended complaint, which significantly expanded the scope of the litigation, and his repeated change of counsel. J.A. at 119-20 (Order at 3-4).

On June 25, 1996, appellant filed a motion for reconsideration of the district court's order of dismissal. Appellant's motion was denied on July 15, 1996. This appeal followed.

## II. Discussion

A. Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss a case for failure to prosecute a claim or comply with court orders; unless otherwise specified, such dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b); Brown v. Frey, 806 F.2d 801 (8th Cir. 1986) (Brown). This court reviews a Rule 41(b) dismissal under an abuse of discretion standard. Wright v. Sargent, 869 F.2d 1175, 1176 (8th Cir. 1989) (per curiam). When reviewing under this standard, this court employs a balancing test that focuses foremost upon "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse

-6-

impact of such conduct upon both the defendant and the administration of justice in the district court." Omaha Indian Tribe v. Tract I -- Blackbird Bend Area, 933 F.2d 1462, 1468 (8ᵗʰ Cir.), cert. denied, 502 U.S. 942 (1991) (Omaha Tribe) (citations omitted). Moreover, the sanction imposed by the district court must be proportionate to the litigant's transgression. See Mann v. Lewis, 108 F.3d 145, 147 (8ᵗʰ Cir. 1997) (citing Moore v. St. Louis Music Supply Co., Inc., 539 F.2d 1191, 1194 (8th Cir. 1976) (Moore)).

"Dismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." Givens, 751 F.2d at 263 (emphasis added). Thus, where, as here, a case has been dismissed with prejudice, this court considers "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court." Moore, 539 F.2d at 1193. However, the district court need not have found that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. E.g., Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 97 (8th Cir. 1971).

The district court's determination that appellant wilfully disregarded court orders and engaged in intentional delay is a finding of fact, and hence is subject to the clearly erroneous standard of review. See Fed. R. Civ. P. 52(a). The clearly erroneous standard applies "even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) (Anderson); see Fed. R. Civ. P. 52(a). Thus, we may not overturn the district court's

factual findings merely because we might have concluded differently had we initially decided the issue.  Rather, a finding is clearly erroneous only when, "even though there is evidence in the record to support it, the reviewing court is left with a

definite and firm conviction that a mistake has been committed."  Anderson, 470 U.S. at 573.

B. Analysis

Appellant argues that the district court abused its discretion in dismissing his action with prejudice and thereby permanently barring him from pursuing his claims against appellees.  Specifically, Rodgers charges that dismissal was inappropriate because the court's decision was based, in part, on the erroneous finding that his conduct was wilful.  In addition, Rodgers argues that the district court abused its discretion in failing to impose lesser sanctions prior to dismissing the action with prejudice.

The record in the instant case contains instances in which appellant both wilfully violated court orders and, apparently, accidentally disregarded them.  In light of the evidence of appellant's acts of intentional noncompliance, we find that the district court's finding of wilfulness is not clearly erroneous.

For example, appellant failed to comply with the district court's March 29, 1996 order to produce certain financial records.  Appellant argues that he timely delivered these documents to his own counsel of record and that any delay in their production to appellees was the fault of his counsel and therefore unintentional. However, this argument fails for two reasons.  First, by virtue of his agency relationship with his attorneys, appellant is generally bound by the actions (or inaction) of his attorney when his attorney acts in her

representational capacity.  <u>See, e.g.</u>, <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 633-34 (1962) (holding that, with respect to attorney misconduct that leads to Rule 41(b) dismissals, "each party is deemed bound by the acts of his [or her] lawyer-agent."); <u>Omaha Tribe</u>, 933 F.2d at 1471 ("It is unfortunate in a case such as this that the client must live or die by the conduct of its counsel."). Second, appellant has proffered no evidence to substantiate his allegation that he timely produced the

subject documents to his then-current counsel who then failed to turn them over to appellees.  Accordingly, we do not find that the district court erred in concluding that appellant's derogation of the order to produce the subject documents was intentional and deliberate. Moreover, although appellant proffered testimony that he was unaware that certain documents were within the scope of the order, this court does not find that this testimony is sufficient to prove that the district court's finding that appellant wilfully violated this order is erroneous.

Similarly, the district court's finding that appellant intentionally violated the district court's October 5, 1995 order against firing his then-current counsel was not erroneous in light of appellant's awareness of the order and his prolonged history of difficulty in retaining counsel.  See Grunewald v. Missouri Pac. R.R. Co., 331 F.2d 983 (8th Cir.) (affirming dismissal where trial was postponed after plaintiff's original counsel withdrew, trial was again postponed when plaintiff failed to retain new counsel until eve of reset trial date, and new counsel withdrew on eve of trial), cert. denied, 379 U.S. 839 (1964). Appellant argues that he did not understand Bratcher's characterization of the October 5, 1995 order to mean that firing his counsel would trigger dismissal.  Rather, appellant contends that there is a meaningful distinction between proscribing the "firing" of one's counsel and proscribing their "withdrawal", and that the order proscribed the latter only.  We are of the opinion, however, that appellant's argument is based upon a distinction without a difference.  It is clear that,

-11-

whether an attorney is fired or elects to discontinue her representation of a client, she must withdraw as the attorney of record in the underlying suit. Bratcher's letter made clear that her withdrawal from the instant case, presumably under any circumstance, would be cause for dismissal.

Moreover, the particular facts of the instant case suggest that appellant clearly understood what happens when counsel withdraws from a case. Appellant's first attorney, David Steelman, withdrew and was replaced as counsel of record in November 1994. His second attorney, Edward Clausen, withdrew and was replaced

as counsel of record in August 1995. His third attorney, Richard Crites, withdrew on September 13, 1995, citing that appellant had requested him to engage in borderline unethical conduct. Crites was replaced by appellant's fourth attorney, Lynne Bratcher, on September 26, 1995, who was replaced by appellant's current counsel, Tom Jones and Bryan Round, on April 30, 1996. In each of these instances, regardless of what precipitated the attorney's withdrawal, that attorney ultimately withdrew as counsel of record. That Bratcher's letter did not distinguish "firing" from voluntary withdrawal is thus inconsequential because the end result is the same—Bratcher withdrew from the case.

Furthermore, where, as here, there is evidence that appellant's dilatory conduct and disregard of court orders continued over a two-year period, a miscommunicated warning threatening dismissal will not compel reversal. Indeed, while a warning from the district court that a particular litigant is skating on the thin ice of dismissal is encouraged, see First Gen. Resources Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam) (First General) (Rule 41(b) dismissal proper after court warned party of consequence for failure to engage in discovery), this circuit has yet to hold that such an admonition is necessary to sustain a Rule 41(b) dismissal and declines to so hold now.

Appellant also challenges the district court's finding that appellant wilfully disobeyed its order to attend a scheduled deposition. Appellant contends that the deposition was not properly noticed and thus his failure to attend it cannot be deemed wilful. Specifically, appellant maintains that his attorney did

not inform him about the deposition and that appellees improperly sent a notice of the deposition directly to him as opposed to notifying him through his attorney. The record on appeal reflects that these allegations are supported only by the testimony of appellant's father and are in direct conflict with the district court's finding that appellant's deposition was properly noticed. Order at 3. In addition, appellant still elected not to appear at the deposition after becoming aware that the deposition was court-ordered and therefore mandatory.

In light of the foregoing, this court finds that, despite any difficulties appellant may have had communicating with his attorney, his failure to attend his court-ordered deposition was accurately deemed a direct violation of a court order. See Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (finding dismissal with prejudice was appropriate when plaintiff failed to comply with court-ordered deposition), cert. denied, 513 U.S. 1090 (1995) (Aziz). Accordingly, we accept the district court's finding that notice was proper and that defendant's conduct was wilful.

The record also supports the district court's finding that appellant wilfully delayed his litigation against appellees, to the extent that appellant changed counsel four times during the course of this litigation, thereby delaying discovery and trial. In fact, appellant's final change in counsel occurred on the eve of his April 22, 1996 court-ordered deposition, at which he failed to appear. Appellant maintains that appellees also contributed to the delay in the proceedings by requesting trial and discovery extensions. Appellant therefore argues that the district court erred in considering these extensions as a basis for dismissal. Moreover, appellant contends that the time extensions that are attributable to him were requested by his counsel and thus should not affect the disposition of his case. The record suggests, however, that these delays were either initiated by appellant or requested as a result of appellant's dilatory tactics. See Order at 3-4. Appellant offers no counter-evidence on this point.

Having found that the district court's finding of wilful conduct was not clearly erroneous, we will not reverse its selection of a sanction unless the court abused its discretion. Moreover, because a district court may dismiss a case for any violation of a court order, Brown, 806 F.2d at 803, and there is evidence of several intentional acts of delay, we affirm.

While we agree with appellant that the instant case does not approach the most egregious conduct upon which this court has previously affirmed dismissals with prejudice, and while "not every instance of failure to comply with an order of court,

however inexcusable, justifies total extinction of a client's cause of action," <u>Givens</u>, 751 F.2d at 263, dismissal with prejudice is not subject to reversal here where appellant has engaged in several acts of wilful noncompliance with orders of the court. Moreover, evidence of appellant's eleventh-hour attempt to cure his violation of a discovery order, unsubstantiated allegations of attorney neglect, and an acknowledgment by the district court that the obstreperous conduct of appellant's parents was the heart of appellant's problem in this case do not make appellant's conduct any less wilful or sanctionable for purposes of this analysis. Appellant was given ample opportunities to explain or cure his violations of discovery orders and the delay prejudiced appellees. <u>Cf.</u> <u>Jackson v. Schoemehl</u>, 788 F.2d 1296, 1299 (8th Cir. 1986) (reversing dismissal with prejudice despite plaintiffs' failure to file proposed findings of fact and conclusions of law for two years because court gave plaintiffs no opportunity to explain or cure tardiness and delay did not prejudice defendants).

The above analysis notwithstanding, this case differs from other cases involving similar acts of noncompliance because of appellant's traumatic head injuries. Indeed, appellant's counsel compellingly argues that appellant "is a young man with cognitive disabilities secondary to traumatic closed head injuries suffered in an automobile accident that nearly took his life" and that the district court's finding that appellant's actions were "wilful and deliberate and taken deliberately to gain tactical advantage" ignores this fact. Upon careful examination of the record, however, we find no evidence that appellant's injuries contributed to his acts of noncompliance so as to render them involuntary or accidental. Absent such proof, we do not find that the district court abused its discretion in dismissing the appellant's action with prejudice pursuant to Rule 41(b).

In the alternative, appellant argues that the district court abused its discretion in dismissing his claims without first imposing lesser sanctions or explaining why lesser sanctions would have been ineffective. This court has held that "[t]he ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile."

Herring v. Whitehall, 804 F.2d 464, 468 (8th Cir. 1986); cf. Givens, 751 F.2d at 263-64 (reversing dismissal with prejudice where lesser sanctions were available).  In the instant case, the district court, relying on First General, supra, 958 F.2d at 206, concluded that any lesser sanction would be ineffective.  Order at 7.  Indeed, unlike Givens, upon which appellant relies, any lesser sanction would have involved further delay or forced appellees to try their case without completing discovery.

In Givens, this court reversed a Rule 41(b) dismissal with prejudice where the litigant's sole transgression was failing to comply with the discovery deadline.  Id.  The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance; instead, the appropriate sanction would be to disallow any further discovery and move forward to trial on the evidence theretofore adduced.  Id. at 263. At the time that the instant case was dismissed in June 1996, however, appellant had yet to produce fully records that appellees had requested in 1995.  Further, appellant had yet to be fully deposed by appellees despite the district court's efforts to accommodate appellant's schedule.  Thus, lesser sanctions such as forcing appellant to proceed to trial without further discovery would have prejudiced appellees, not appellant.  Consequently, we hold that the district court did not abuse its discretion in concluding that lesser sanctions would be ineffective and unjustified or in granting dismissal with prejudice.[5] See First General, 958 F.2d at 206 (no harm in failing to consider lesser sanctions before dismissal where lesser sanctions would have prejudiced defendant); Rogers v. Kroger Company, 669 F.2d 317 (5th Cir. 1982) ("A clear record of delay coupled with tried or futile lesser sanctions will justify a  Rule 41(b) dismissal with prejudice.").

---

[5]As a last ditch effort to compel reversal, appellant contends that he was misled by the district court to believe that appellees' Rule 41(b) motion would not be granted because the underlying proceedings were not stayed pending resolution of that motion.  We fail to see any basis for appellant's assumption and reject this argument on appeal as meritless.

### III. Conclusion

In light of the foregoing, we hold that the district court did not abuse its discretion in dismissing appellant's action with prejudice on the ground that appellant's conduct constituted a wilful disregard of court orders. See First General, 958 F.2d at 206 ("Although dismissal with prejudice is a severe sanction, the court may impose such a sanction where the plaintiff has engaged in a pattern of intentional delay."); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) ("Although a dismissal with prejudice is a drastic remedy, a pattern of intentional delay by the plaintiff is sufficient to warrant such action by the trial court."). Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.