# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-1304

———————

Taye Sillga,     *
    *
        Appellant,     *    Appeal from the United States
    *    District Court for the District
     v.     *    of Minnesota.
    *
Fairview University Medical Center,     *      [UNPUBLISHED]
    *
        Appellee.     *

———————

Submitted: October 18, 2001

Filed: October 26, 2001

———————

Before BYE, FAGG, and RILEY, Circuit Judges.

———————

PER CURIAM.

In August 1999, Taye Sillga filed this action against his former employer, Fairview University Medical Center, alleging sexual harassment and wrongful termination. In the sixteen months that followed, Sillga did not respond to or initiate any discovery. He also twice refused opposing counsel's offer to dismiss without prejudice and waive the statute of limitations if the case was refiled within 60 days. In August 2000, Sillga's attorney withdrew, citing Sillga's uncooperative behavior as the reason for withdrawal. In September 2000, Fairview moved to dismiss with prejudice. The district court ordered that unless Sillga found a new lawyer or

addressed the merits of the motion to dismiss, the motion would be granted. When Sillga failed to comply and instead requested another extension of 60 days, the district court dismissed the case with prejudice.

On appeal, Sillga contends the district court committed clear error in finding he failed to prosecute his case and disregarded court orders. See Rodgers v. Curators of the University of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998). In support of this contention, Sillga has submitted a motion to supplement the record with his affidavit describing his former attorney's allegedly neglectful conduct. Because Sillga knew of his attorney's conduct during the district court proceedings but did not make his concerns part of the record, the interests of justice do not require us to grant Sillga's motion to supplement the record. See Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995). Further, Sillga argues the district court abused its discretion in deciding that dismissal with prejudice was the appropriate sanction. See Rodgers, 135 F.3d at 1219. Given Sillga's failure to prosecute his lawsuit or comply with the district court's orders, we conclude the court acted within its discretion when dismissing Sillga's case with prejudice.

We thus affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-