# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2766

_____

Yvonne A. Dockery,                  *

                          *

        Appellant,        *

                          *   Appeal from the United States

    v.                   *   District Court for the Western

                          *   District of Arkansas.

Dr. Stacy Leonard; R. N. Lynn;  *

Wadley Regional Medical Center,  *     [UNPUBLISHED]

and all delivery room personnel that  *

worked in my room on Sept. 8th and  *

Sept. 9th, 1999,            *

                          *

        Appellees.        *

_____

Submitted:  August 29, 2002

Filed: September 27, 2002

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Yvonne A. Dockery appeals the District Court's dismissal of her medical malpractice action with prejudice as a sanction for her failure to obey an order compelling discovery. We remand to the District Court for further proceedings.

Dockery brought her pro se lawsuit on September 8, 2000. On November 1, the physician and medical center defendants (defendants) propounded interrogatories

and requests for production to Dockery, and on February 20, 2001, they moved for an order compelling her response to discovery. The District Court granted defendants' motion and ordered Dockery to submit full and complete responses to the discovery requests within eleven days. On May 10, defendants moved for sanctions against Dockery for failing to comply with the order because she had not answered all of the interrogatories or responded to any of the production requests. In a written opposition, Dockery asserted that she had "done everything in [her] power" to comply with the requests and had provided "answers to the best of [her] knowledge." Brief of Appellant at app. 88-89. Without holding a hearing, the District Court dismissed the case with prejudice.

Sanctions imposed under Federal Rule of Civil Procedure 37 are reviewed for abuse of discretion, with the sanction of dismissal reviewed more closely. See Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001). Rule 37 allows the Court to consider numerous sanctions for failing to comply with an order compelling discovery. See Fed. R. Civ. P. 37(b)(2)(A)-(C) (possible sanctions include ordering that matters regarding which order was made shall be taken as established for purposes of action in accordance with claim of party obtaining order, refusing to allow disobedient party to support or oppose designated claims or defenses, prohibiting disobedient party from introducing designated matters into evidence, striking out pleadings or parts thereof, staying further proceedings until order compelling discovery is obeyed, dismissing action, or entering default judgment against disobedient party). In light of Dockery's pro se status and her assertion that she was complying with the order to the best of her abilities, we conclude that the dismissal was an abuse of discretion. See Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940-41 (8th Cir. 2001) (dismissal as sanction requires, inter alia, finding of willful violation of order compelling discovery); Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984) (dismissal with prejudice is extreme sanction and should be used only in cases of willful disobedience of court order or continued or persistent failure to prosecute a complaint). On remand, if the District Court takes

up the question whether to impose a sanction other than dismissal, the Court is directed to consider whether the interrogatories and document discovery requests served less than two months following the filing of the complaint, and presumably prior to the establishment of a pretrial deadline for the disclosure of expert witnesses, were a reasonable way to conduct discovery of a plaintiff proceeding as a pro se litigant.

Accordingly, we reverse and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.